1  JOHN C. CRUDEN
2  Acting Assistant Attorney General
   Environment and Natural Resources Division
3  U.S. Department of Justice
   BRADLEY R. O'BRIEN (CA 189425)
4  DAVIS H. FORSYTHE
5  Trial Attorneys
   Environmental Enforcement Section
6  Environment and Natural Resources Division
7  United States Department of Justice
   601 D. Street, N.W.
8  Washington, D.C.  20004
   Tel.: (202)616-6528
9  Fax: (202)514-2583
10 Email: brad.obrien@usdoj.gov
            davis.forsythe@usdoj.gov
11
12 Attorneys for Plaintiff United States

13          UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF CALIFORNIA
14            SAN FRANCISCO DIVISION

15 _____
                                          )
16 THE UNITED STATES OF AMERICA,          )   Civil Action No. 3-09-cv-00437-PJH
                                          )
17          Plaintiff,                    )   **PLAINTIFF'S MEMORANDUM IN**
                                          )   **SUPPORT OF MOTION FOR**
18     vs.                                )   **PARTIAL SUMMARY JUDGMENT**
                                          )
19                                        )
20 THE CALIFORNIA DEPARTMENT OF           )
   TRANSPORTATION,                        )   DATE:      July 15, 2009
21                                        )   TIME:      9:00 a.m.
            Defendant.                    )   CTROOM:    5
22 _____ )   JUDGE:     Hon. Phyllis J. Hamilton

23
24
25
26
27
28
                **Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment**
                                          **Case No. 3-09-CV-00437-PJH**

**TABLE OF CONTENTS**

I.     BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 3 -

    A.     The 1938 Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 3 -

    B.     The Presidio and Mountain Lake  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

    C.     Park Presidio Boulevard, Contamination of Mountain Lake and Damage

         to Lobos Creek  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

    D.     The State of California Concurs that Caltrans is Contaminating

         Mountain Lake and that Remediation is Necessary . . . . . . . . . . . . . . . . . . . - 7 -

    E.     The United States, DTSC, RWQCB and Community Members are Working

         Cooperatively to Determine Mountain Lake's Remedial Objectives . . . . . . . . . - 8 -

    F.     The United States' Demand that the State of California Comply

         with the 1938 Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

II.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 10 -

    A.     Legal Background  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 10 -

    B.     Standard of Review and Scope of Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . - 10 -

    C.     The 1938 Agreement Should Be Interpreted According to Federal

         Common Law Contract Law Principles  . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -

         1.     Federal Common Law Should be Applied . . . . . . . . . . . . . . . . . . . . . - 11 -

         2.     The Enforcement of the 1938 Agreement is a Question of Law . . . . - 12 -

    D.     The 1938 Agreement is Unambiguous and Requires Caltrans at its

         Expense to Remediate Mountain Lake and Lobos Creek as

         Determined by the United States  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 13 -

         1.     Under the 1938 Agreement, Caltrans Must Operate Park Presidio

              Boulevard Without Expense to the United States . . . . . . . . . . . . . . . . - 13 -

         2.     Under the 1938 Agreement, Caltrans Must Promptly Repair any

              Damage to the Sole Satisfaction of the United States   . . . . . . . . . . . - 14 -

         3.     Under the 1938 Agreement, Caltrans Must Construct Culverts

or Drainage Facilities As Required by the United States . . . . . . . . . - 15 -

4.    Under the 1938 Agreement, Caltrans Must Hold the United States
Harmless for Damages Arising from Park Presidio Boulevard . . . . - 15 -

5.    Under the 1938 Agreement, The United States May Conduct
the Work at Caltrans' Expense . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 16 -

6.    When Read in its Entirety, the 1938 Agreement Intended Caltrans
to be Solely Responsible for Damages Caused to the Presidio by
Park Presidio Boulevard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 16 -

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 18 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

<u>FEDERAL CASES</u>

*Appeal of Lane Construction Co.*, ENG BCA 5880 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . - 13 -

*Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -

*Brobeck, Phleger & Harrison*, 602 F.2d 866 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . - 13 -

*Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . - 12 -

*Castenada v. Dura-Vent Corp.*, 648 F.2d 612 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . - 12 -

*City of Santa Clara v. James D. Watkins*, 984 F.2d 1008 (9th Cir. 1993) . . . . . . . . . . . . . . . - 3 -

*County of Santa Clara v. Astra USA, Inc.*, 540 F.3d 1094 (9th Cir. 2008) . . . . . . . . . . . . . . - 17 -

*Golden Gate Bridge & Highway Dist. of California v. United States*,

   125 F.2d 872 (9th Cir. 1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -, - 12 -

*Goodman v. Resolution Trust Corp.*, 7 F.3d 1123 (4th Cir. 1993) . . . . . . . . . . . . . . . . - 3 -, - 11 -

*Klamath Water Users Protective Ass'n. v. Patterson*,

   204 F.3d 1206 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . - 11 -, - 13 -, - 14 -, - 16 -

*Peterson v. United States Dept. of Interior*, 899 F.2d 799 (9th Cir. 1990) . . . . . . . . . . . . . . - 12 -

*Peterson v. United States Dept. of Interior*, 498 U.S. 1003 (1990) . . . . . . . . . . . . . . . . . . . - 12 -

*Randy Combs v. Shelter Mutual Insurance Co.*, 551 F.3d 991(10th Cir. 2008) . . . . . . . . . . - 11 -

*S.A. Empresa de Viacao Aerea Rio Grandense v. Boeing Co.*

   641 F.2d 746 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 12 -, - 16 -

*Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028 (9th Cir. 2005) . . . . . . . . . . - 12 -

*United States v. Alcan Aluminum*, 990 F.2d 711 (2nd. Cir. 1993) . . . . . . . . . . . . . . . . . . . . - 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*United States v. Allegheny County*, 322 U.S. 174 (1944) . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -

*United States v. Sacramento Mun. Utility Dist.*, 652 F.2d 1341 (9th Cir. 1981) . . . . . . . . . . - 12 -

*Westlands Water Dist. v. United States*, 337 F.3d 1092 (9th Cir. 2003) . . . . . . . . . . . . - 12 -, -17-

STATE CASES

*Continental Heller Corp. v. Amtech Mechanical Services, Inc.*
  61 Cal.Rptr.2d 668 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 13 -
*County of San Diego v. Ace Property and Cas. Ins. Co.,* 3 Cal Rptr.3d 583 (2005) . . . . . . . - 13 -
*Pacific Gas and Electric Company v. G.W. Thomas Drayage and Rigging Co.*,
  69 Cal.2d 33 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 13 -

FEDERAL STATUTES

Act of July 5, 1884, 23 Stat. 104. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-, - 11 -, - 17 -

FEDERAL RULES

Fed. R. Civ. Pro. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -
Fed. R. Civ. Pro. 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -
Fed. R. Civ. Pro. 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -
Fed. R. Civ. Pro. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 10 -
Fed. R. Civ. Pro. 56(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 10 -

OTHER AUTHORITIES

10B Fed. Prac. & Proc. § 2736 (3d ed. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 10 -

1
2
3
4
5
6
7
8
9
10
11

The United States seeks partial summary judgment on a 1938 permit ("1938 Agreement") entered into between the United States and the California Department of Transportation ("Caltrans") that prohibits Caltrans from damaging the Presidio of San Francisco ("Presidio") and requires Caltrans to fix any damage it causes. Here, Caltrans contaminated the Presidio's Mountain Lake with lead, copper, zinc and total petroleum hydrocarbons. The 1938 Agreement requires Caltrans to remedy this damage, which in this case means that Caltrans must comply with standards endorsed by the State of California's environmental agency. The United States further seeks a finding pursuant to the 1938 Agreement that Caltrans is responsible for repairing or replacing a degraded overflow pipeline system that is impacting water quality in Lobos Creek, the primary source of drinking water for the Presidio.

12
13
14
15
16
17
18

The United States' claims are based upon the 1938 Agreement[1] in which the United States Department of War on behalf of the United States Army ("Army") permitted Caltrans to build Park Presidio Boulevard across the Presidio. In return, the 1938 Agreement prohibits Caltrans' construction, operation or maintenance of the road from damaging the Presidio; requires Caltrans to remedy or pay for any such damage; and requires Caltrans to indemnify the United States for related claims.

19
20
21
22
23
24

The United States' narrowly tailored motion is not seeking a determination of the extent of the damages or the appropriate remediation of Mountain Lake and Lobos Creek as those issues will be resolved in the course of litigation, but solely a finding as a matter of law of Caltrans' liability under the 1938 Agreement. Resolving Caltrans' liability under the 1938 Agreement will create efficiency and preserve the resources of the Court as the scope of the

25
26
27

[1]    The 1938 Agreement is included as Attachment 1 to the declaration of Robert M. Lewis, Senior Trial Attorney for the United States Army Environmental Law Division. Mr. Lewis' declaration is attached to the United States' memorandum as Exhibit A.

28

litigation will be narrowed to determining the extent of the damage caused by Park Presidio Boulevard and the appropriate relief. *United States v. Alcan Aluminum*, 990 F.2d 711, 720 (2nd. Cir. 1993)(liability may be decided first before the more complicated clean-up questions...summary judgment is a powerful legal tool that isolates the issues to be resolved and avoids needless litigation and speeds up remedial action). As described below, the Court should find as a matter of law that Caltrans' is liable under the 1938 Agreement to the extent Park Presidio Boulevard has or is damaging Mountain Lake or Lobos Creek. *Goodman v. Resolution Trust Corp.*, 7 F.3d 1123, 1126 (4th Cir. 1993)(if a contract is unambiguous a court can as a matter of law grant summary judgment); *City of Santa Clara v. James D. Watkins*, 984 F.2d 1008, 1012 (9th Cir. 1993)(under California law the determination of whether a written contract is ambiguous is a question of law that must be decided by the court).[2]

## I. BACKGROUND

A.    <u>The 1938 Agreement</u>

The 1938 Agreement providing the basis for the United States' claims was signed by the United States Secretary of War and the Chairman of the California Highway Commission. The United States Department of War is now the United States Department of Defense and the United States Secretary of War is now the United States Secretary of Defense.[3]

Although the California Highway Commission was the historical signatory to the 1938 Agreement, this liability is now held by Caltrans as confirmed in a May 2007 agreement between

---

[2]    Caltrans has filed a motion to dismiss the United States' Complaint. For judicial efficiency, the United States respectfully requests that Caltrans' motion and the United States' Motion for Summary Judgment be heard at the same time.

[3]    ¶ 3 of Mr. Lewis' declaration.

the United States and Caltrans:[4]/

> The Department [Caltrans] concedes that it is solely responsible for any and all liability the State of California may have under the 1938 Agreement.

> The Department [Caltrans] concedes that it is the sole successor to any and all liability the California Highway Commission may have under the 1938 Agreement.

Therefore, Caltrans is required to comply with all provisions of the 1938 Agreement.[5]/

The 1938 Agreement granted Caltrans a conditional right-of-way to extend Park Presidio Boulevard (also known as Highway 1) across a portion of the Presidio.[6]/  Importantly, the 1938 Agreement imposed significant conditions upon the construction, operation or maintenance of the road – including requiring Caltrans to operate the road without damage or expense to the United States, and if in the United States' "opinion" the road is affecting or impairing federal lands then such damage shall be "promptly" repaired by Caltrans "to the satisfaction" of the United States:

> That the road herein authorized shall be constructed, operated and maintained without expense to the War Department....[7]/

> If, in the opinion of the Secretary of War, or his authorized representative, any construction authorized hereunder shall … hereafter tend to affect or impair the use of land or other property of the United States for … public purposes, the permittee shall, without expense to the War Department, make any change or changes in the topography of the land and any alteration, relocation,

[4]/     A copy of the May 2007 agreement is included as Attachment 1 to the declaration of Bradley O'Brien, an attorney representing the United States in this action.  Mr. O'Brien's declaration is attached as Exhibit B.

[5]/     The May 2007 agreement does not constitute an admission by Caltrans under the 1938 Agreement for the damages the United States seeks in this action.  *See* ¶ 3 of the May 2007 agreement.

[6]/     1938 Agreement *passim*.

[7]/     ¶ 9 of the 1938 Agreement.

reconstruction or replacement of any existing … pipe lines, … or any other post utility, installation, facility or structure of whatever kind, that may to any degree be interfered with incident to the … operation and maintenance of said approach road, and the Secretary of War, or his authorized representative shall be the sole judge as to the character and extent of such work that may be necessary. … And generally any damage caused to property of the United States incident to the … operation or maintenance of said road shall be promptly repaired by the permittee at its expense to the satisfaction of the said authorized representative.[8]/

Further, the 1938 Agreement requires Caltrans to construct drainage facilities the United States deems necessary and that Caltrans must indemnify the United States for damages arising from the construction, operation or maintenance of Park Presidio Boulevard:

It is also understood and agreed that the permittee will construct such culverts or other drainage facilities, as, in the opinion of the Secretary of War, or his authorized representative, shall be or become necessary to the proper use of the reservation by reason of the construction of said road.[9]/

That the United States shall not be responsible for damages to … property which may arise incident to the … maintenance or operation of said road, and the permittee shall save the United States harmless from any claims for such damages.[10]/

Finally, the 1938 Agreement authorizes the United States to conduct any work at Caltrans' expense if, as in this case, Caltrans fails to perform:

That, in the event of failure, neglect or refusal of the permittee to perform or to complete any of the work on its part to be performed under the provisions and conditions of this permit, the Secretary of War or his authorized representative may cause the same to be done at the expense of the permittee.[11]/

---

[8]/    ¶ 12 of the 1938 Agreement.

[9]/    ¶ 15 of the 1938 Agreement.

[10]/    ¶ 18 of the 1938 Agreement.

[11]/    ¶ 20 of the 1938 Agreement.

**B.**     <u>**The Presidio and Mountain Lake**[12]</u>/

The Presidio is part of the Golden Gate National Recreation Area, which features

significant natural, historic, scenic, cultural and recreational resources.  Mountain Lake lies at

the southern edge of the Presidio and is one of the few natural lakes in San Francisco and the

only lake within the Presidio.  Mountain Lake attracts migratory birds, resident wildlife and

frequent visitors.  Mountain Lake fronts a popular neighborhood park that offers a wide variety

of slides and swings for children, picnic tables, and a small beach.  A walking path and trail

circumnavigates a large part of Mountain Lake and the lake is accessible by foot, bicycle, and

public transportation.[13]/  Lobos Creek is one of the last year-round free-flowing streams in San

Francisco and is the primary source of drinking water for the Presidio.[14]/

**C.**     **Park Presidio Boulevard, Contamination of Mountain Lake and Damage to**
<u>**Lobos Creek**</u>.

Subsequent to the 1938 Agreement, Park Presidio Boulevard and associated drainage

systems were built by the State of California.  The Park Presidio Boulevard drainage systems

consist of roadway storm drains and an overflow pipeline built by the State of California

intended to convey Mountain Lake water directly to the San Francisco Public Utility

Commission's ("SFPUC") combined sewer system.[15]/

The Park Presidio Boulevard storm drains direct runoff from the roadway to Mountain

---

[12]/     A description of the Presidio's jurisdiction over Mountain Lake is included in the
declaration of Andrea Andersen attached as Exhibit C.

[13]/     ¶ 2 of the declaration of Eileen Fanelli, the Remediation Program Manager for the
Presidio Trust.  Ms. Fanelli's declaration is attached to the United States' memorandum as
Exhibit D.  Attachment 1 of Ms. Fanelli's declaration includes photographs of Mountain Lake.

[14]/     ¶ 3 of Ms. Fanelli's declaration.

[15]/     ¶ 4 of Ms. Fanelli's declaration.

Lake.  As a result of roadway runoff mixing with substances incident to the operation of the

roadway such as lead from leaded gasoline, spilled gasoline and diesel fuel, and metals such as

copper and zinc from automobile components, discharges via these drains contaminate Mountain

Lake.[16]/  The most recent data confirm that Mountain Lake contamination exceeds cleanup levels

and that elevated concentrations of these contaminants were found in sediment collected from

within the Park Presidio Boulevard storm drains that discharge directly into Mountain Lake.[17]/

    As a result of the construction and operation of Park Presidio Boulevard, an overflow

pipeline was required to prevent lake waters from elevating during storm events and

undermining Park Presidio Boulevard.[18]/  However, the system is simply not working as it has

deteriorated over the years and currently allows water intended for the San Francisco sewage

system to leak into Lobos Creek and impact the water quality of this drinking water source.[19]/

> **D.    The State of California Concurs that Caltrans is Contaminating
> Mountain Lake and that Remediation is Necessary**

    In a September 28, 2001 letter, Caltrans' sister state agency, the California Department

of Toxic Substances Control ("DTSC") described Caltrans as a potentially liable party and

directed Caltrans to investigate and remediate contaminants within Mountain Lake.  In a

February 27, 2002 letter, DTSC reiterated Caltrans' obligations to investigate and remediate

Mountain Lake and further described that the highest contaminant concentrations exist in

---

[16]/     ¶ 5 of Ms. Fanelli's declaration.

[17]/     ¶¶ 8 and 9 of Ms. Fanelli's declaration.

[18]/     Originally the overflow pipeline system discharged directly into Lobos Creek but this system was modified in 1941 after the Army complained to the California Division of Highways that water quality in Lobos Creek was being impacted.  The State of California's modified system was intended to bypass Lobos Creek and convey Mountain Lake water directly to the San Francisco combined sewer system.  ¶ 4 of Ms. Fanelli's declaration.

[19]/     ¶ 4 of Ms. Fanelli's declaration.

sediment adjacent to Caltrans' Park Presidio Boulevard storm drains.  However, Caltrans refused to cooperate and develop a solution to Park Presidio Boulevard's adverse impact upon Mountain Lake and the Presidio.[20]/

### E.  The United States, DTSC, RWQCB and Community Members are Working Cooperatively to Determine Mountain Lake's Remedial Objectives

Notwithstanding that Caltrans' refusal to participate, the United States and State of California regulators (DTSC and the California Regional Water Quality Control Board) in conjunction with community members of the Presidio's Restoration Advisory Board jointly sought a solution to the environmental remediation of the Presidio that encompasses the cleanup of Mountain Lake.  As part of this solution, these parties developed environmental cleanup standards for the Presidio, including sediment cleanup levels applicable to Mountain Lake.[21]/

### F.  The United States' Demand that the State of California Comply with the 1938 Agreement

In a March 14, 2007 letter, the United States Department of Justice notified the California Attorney General, the Chair and the Executive Director of the California Transportation Commission, and the Assistant Chief Counsel of California Department of Transportation that releases from Park Presidio Boulevard contaminated Mountain Lake with lead, zinc, copper and total petroleum hydrocarbons (diesel and motor oil).  The United States Department of Justice requested the State of California and the California Transportation Commission to honor the terms of the 1938 Agreement and accept responsibility for the Mountain Lake contamination.[22]/

---

[20]/     ¶¶ 10 through 17 of Ms. Fanelli's declaration.

[21]/     ¶ 18 of Ms. Fanelli's declaration.

[22]/     ¶ 6 of Mr. O'Brien's declaration.

**Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment**
**Case No. 3-09-CV-00437-PJH**

In a March 27, 2007 letter, the California Attorney General's Office informed the United States that it was appropriate for that office to refer the Mountain Lake matter to the California Department of Transportation for evaluation and resolution and acknowledged that the United States had already been in contact with the California Department of Transportation.[23]/

In an April 19, 2007 letter, the United States Army notified the California Attorney General's Office, the California Transportation Commission and the California Department of Transportation of the United States' claim pursuant to the 1938 Agreement as a result of the contamination or damages caused to Mountain Lake by the construction, operation or maintenance of Park Presidio Boulevard.[24]/

In a May 2, 2007 letter, the Director of the California Department of Transportation informed the United States Army that the State of California Department of Transportation would expeditiously complete its analysis relating to the contamination of Mountain Lake and attempt to work toward a mutually agreeable resolution.[25]/

In an April 18, 2008 letter, the United States Army renewed its demand upon the California Attorney General and the Chairman of the California Transportation Commission that the State of California comply with the 1938 Agreement, take measures to avoid further damage to Mountain Lake, comply with the indemnity requirements of the 1938 Agreement, and remediate Mountain Lake.  The Army also described that the overflow pipeline system for Mountain Lake was negatively impacting Lobos Creek.[26]/

---

[23]/    ¶ 7 of Mr. O'Brien's declaration.

[24]/    ¶ 4 of Mr. Lewis' declaration.

[25]/    ¶ 5 of Mr. Lewis' declaration.

[26]/    ¶ 6 of Mr. Lewis' declaration.

**Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment**
**Case No. 3-09-CV-00437-PJH**

However, Caltrans has not agreed to comply with the requirements of the 1938

Agreement.  As a result, the United States filed this action.  Complaint [Docket No 1].

## II.  ARGUMENT

This Court should grant summary judgment and find Caltrans liable under the 1938

Agreement for any damage caused to Mountain Lake and Lobos Creek as a result of the

construction, operation or maintenance of Presidio Park Boulevard.

### A.    Legal Background

The 1938 Agreement resulted from Section 6 of the Act of Congress approved July 5,

1884 ("1884 Act of Congress"), 23 Stat. 104, which provided *inter alia* that "[t]he Secretary of

War shall have authority, in his discretion, to permit the extension of state, county and Territorial

roads across military reservations; to permit the landing of ferries, the erection of bridges thereon

. . . whenever in his judgment the same can be done without injury to the reservation or

inconvenience to the military forces stationed thereon."

### B.    Standard of Review and Scope of Relief

Summary judgment "should be rendered if the pleadings, the discovery and disclosure

materials on file, and any affidavits, show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law."  *Fed. R. Civ. Pro. 56(c)*.  An

"interlocutory summary judgment may be rendered on liability alone, even if there is a genuine

issue on the amount of damages."  *Fed. R. Civ. Pro. 56(d)(2)*.  When "there is a genuine issue as

to damages but not as to the ultimate liability of the nonmoving party, an interlocutory summary

judgment is appropriate."  *10B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane,*

*Federal Practice and Procedure § 2736* (3d ed. 1998).

"If a court properly determines that the contract is unambiguous on the dispositive issue,

it may then properly interpret the contract as a matter of law and grant summary judgment

**Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment**
**Case No. 3-09-CV-00437-PJH**

1    because no interpretive facts are in genuine issue." *Goodman*, 7 F.3d at 1126; *Randy Combs v.*

2    *Shelter Mutual Insurance Co.*, 551 F.3d 991, 996 (10th Cir. 2008).

3        **C.    The 1938 Agreement Should Be Interpreted According to Federal**
         **Common Law Contract Law Principles**

4

5            **1.    Federal Common Law Should be Applied**

6        Caltrans' obligations under the 1938 Agreement should be determined according to

7    federal common law.[27]/ The Supreme Court determined that when the United States is a party to

8    a contract, "obligations to and rights of the United States under its contracts are governed

9    exclusively by federal law." *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504 (1988), and

10   the construction of contracts "through which the United States is exercising its constitutional

11   functions … present[s] questions of federal law not controlled by the law of any state." *United*

12   *States v. Allegheny County*, 322 U.S. 174, 183 (1944).

13

14       Consistent with Supreme Court precedent, the Ninth Circuit succinctly applied federal

15   common law to federal contracts in explaining that "[f]ederal law controls the interpretation of a

16   contract entered pursuant to federal law when the United States is a party." *Klamath Water*

17   *Users Protective Ass'n. v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). This is particularly

18   appropriate in this case as the Ninth Circuit, when confronted with a permit issued under the

19   same 1884 Act that authorized the 1938 Agreement, took precisely this approach and applied

20   general common law principles in reviewing a dispute regarding the terms of the permits

21   authorizing construction of the Golden Gate Bridge. *Golden Gate Bridge & Highway Dist. of*

22   *California v. United States*, 125 F.2d 872, 875 (9th Cir. 1942)(citing to 17 C.J.S., *Contracts*, §

23

24

25   ───────────────

26   [27]/    The United States extensively discusses the application of federal common law to this
     case in its recently filed Plaintiff's Opposition and Memorandum of Points and Authorities in
27   Opposition to Defendant's Motions under FRCP 12(b)(6), 12(e), and 12(f). [Docket No. 20].

28                        **Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment**
                                         **Case No. 3-09-CV-00437-PJH**

1    294; 12 AM.JUR.,*Contracts* § 229).

2        Further, "[F]ederal law governs the interpretation of contracts entered into pursuant to

3    federal law and to which the government is a party." *Smith v. Cent. Ariz. Water Conservation*

4    *Dist*., 418 F.3d 1028, 1034 (9th Cir. 2005). Therefore, the 1938 Agreement "'should be

5    interpreted against the backdrop of the legislative scheme that authorized it, and [the]

6    interpretation of ambiguous terms or implied covenants can only be made in light of the policies

7    underlying the controlling legislation.'" *Westlands Water Dist. v. United States*, 337 F.3d 1092,

8    1100 (9th Cir. 2003)(quoting *Peterson v. United States Dept. of Interior*, 899 F.2d 799, 807 (9th

9    Cir. 1990), *cert. denied*, 498 U.S. 1003 (1990)(citations omitted). In sum, the United States

10   submits that this Court should rely upon federal common law cases in construing the 1938

11   Agreement.

12

13            **2.    The Enforcement of the 1938 Agreement is a Question of Law**

14       In contract cases, summary judgment is appropriate if the contract or contract provision

15   in question is unambiguous. *United States v. Sacramento Mun. Utility Dist*., 652 F.2d 1341,

16   1343 (9th Cir. 1981); *Castenada v. Dura-Vent Corp*., 648 F.2d 612, 619 (9th Cir. 1981). The

17   question whether an ambiguity exists in a contract is one of law. *Golden Gate Bridge*, 125 F.2d

18   at 875, *accord Westlands*, 337 F.3d at 1100. "Where the palpable facts are substantially

19   undisputed, such issues can become questions of law which may be properly decided by

20   summary judgment." *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985); *See*

21   *S.A. Empresa de Viacao Aerea Rio Grandense v. Boeing Co.,* 641 F.2d 746, 750-751 (9th Cir.

22   1981)(exculpatory clause is unambiguous and appropriate for summary judgment).

23       The interpretation and enforcement of the 1938 Agreement should be determined

24   pursuant to contract law. *Golden Gate Bridge,* 125 F.2d 872 (applying principles of contract

25   interpretation to Department of War permit issued under same statutory authority as the 1938

26

27

28
                    **Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment**
                    **Case No. 3-09-CV-00437-PJH**

                                    - 12 -

1
2
3
4
5
6
7

Agreement).  Government contracts are generally interpreted according to their plain, ordinary

meaning.  *Appeal of Lane Construction Co.*, ENG BCA 5880, 93-1 BCA 25,448 (1992).

Contract terms are given their ordinary meaning and when the terms of the contract are clear, the

intent of the parties must be ascertained from the contract itself.  *Klamath*, 204 F.3d at 1210.  A

written contract must be read as a whole with preference given to reasonable interpretations.

*Id.*[28]/.

8
9

      **D.**      **The 1938 Agreement is Unambiguous and Requires Caltrans at its**
                **Expense to Remediate Mountain Lake and Lobos Creek as**
                **Determined by the United States**

10
11
12
13
14
15
16

       The 1938 Agreement is unambiguous and expressly prohibits Caltrans' construction,

operation or maintenance of Park Presidio Boulevard from damaging or adversely impacting

Mountain Lake, Lobos Creek or other federal lands as determined by the United States.  If

Caltrans violates the 1938 Agreement and causes such damage, Caltrans must promptly remedy

the damage to the satisfaction of the United States, pay the United States' costs, and hold the

United States harmless.

17
18

      **1.**      **Under the 1938 Agreement, Caltrans Must Operate Park Presidio**
               **Boulevard Without Expense to the United States**

19
20

       Sections 9 and 12 of the 1938 Agreement require Caltrans to operate Park Presidio

Boulevard without expense to the United States:

21
22

     [T]he road ...shall be constructed, operated and maintained without expense to the

23
24
25
26
27
28

---

[28]/    Although federal common law applies, California law also states that summary judgment
is appropriate where a contract is unambiguous.  *Brobeck, Phleger & Harrison v. Telex
Corporation*, 602 F.2d 866, 871 (9th Cir. 1979)(under California law the determination of
whether a written contract is ambiguous is a question of law that must be decided by the
court)*;County of San Diego v. Ace Property and Cas. Ins. Co.*, 33 Cal Rptr.3d 583, 589 (2005)(if
contract language is explicit, it governs); *Continental Heller Corp. v. Amtech Mechanical
Services, Inc.* 61 Cal.Rptr.2d 668, 670 (1997)(courts look first to words of contract).

1    War Department.[29]/

2
3
4    If...any construction … hereafter tend to affect or impair the use of land or other
     property of the United States ...the permittee shall, without expense to the War
     Department, make any change or changes in the topography of the land and any
     alteration, relocation, reconstruction or replacement of any existing … pipe lines,
     … or any other post utility, installation, facility or structure of whatever kind, that
5    may to any degree be interfered with incident to the … operation and maintenance
6    of said approach road...[30]/

7    Section 12 further mandates that activities Caltrans is required to undertake without expense to

8    the United States include making any changes to the topography of the land, and to reconstruct

9    any pipelines or structure "of whatever kind" – such as the Park Presidio Boulevard storm drains

10   that are contaminating Mountain Lake and the overflow pipe system that is damaging Lobos

11   Creek.  *Klamath*, 204 F.3d at 1210(contract terms are given their ordinary meaning).

12
13   **2.    Under the 1938 Agreement, Caltrans Must Promptly Repair any
            Damage to the Sole Satisfaction of the United States**

14       Section 12 of the 1938 Agreement requires Caltrans to promptly repair any damage

15   caused to the Presidio by the construction or operation of Park Presidio Boulevard:

16
17   The Secretary of War, or his authorized representative shall be the sole judge as to the
     character and extent of such work that may be necessary…

18
19   And generally any damage caused to property of the United States incident to the …
     operation or maintenance of said road shall be promptly repaired by the permittee at its
     expense to the satisfaction of the said authorized representative [31]/

20
21   Further, Section 12 of the 1938 Agreement states that the United States will determine the nature

22   and the extent (i.e., cleanup standards) of the remedial work that must be performed by Caltrans,

23   whether that work relates to halting Caltrans' continuing discharges of contaminants to Mountain

24
_____

25   [29]/    ¶ 9 of the 1938 Agreement.

26   [30]/    ¶ 12 of the 1938 Agreement.

27
28   [31]/    ¶ 12 of the 1938 Agreement.

Lake, remediating Mountain Lake sediment contamination, or implementing a solution to the

degraded overflow pipeline system that is eroding the banks of Lobos Creek and impacting creek

water quality. *Id.*

### 3.    Under the 1938 Agreement, Caltrans Must Construct Culverts or Drainage Facilities As Required by the United States

Section 15 of the 1938 Agreement requires Caltrans to construct culverts or drainage if

the United States believes it is necessary to the proper use of the Presidio:

> [T]he permittee will construct such culverts or other drainage facilities, as,
> in the opinion of the Secretary of War, or his authorized representative, shall be or
> become necessary to the proper use of the reservation by reason of the construction of
> said road.[32]/

Similar in some respects to Section 12 of the 1938 Agreement, Section 15 requires Caltrans to

construct culverts or drainage facilities if needed "in the opinion of" the United States.  Again,

this language is applied easily to the United States' claims and requires Caltrans to promptly

undertake steps to stop the continuing contamination of Mountain Lake, to remedy the

contamination as determined by the United States, and to resolve ongoing damage to Lobos

Creek. *Id.*

### 4.    Under the 1938 Agreement, Caltrans Must Hold the United States Harmless for Damages Arising from Park Presidio Boulevard

Section 18 of the 1938 Agreement requires Caltrans to indemnify the United States for

any property damage resulting from Park Presidio Boulevard:

> [T]he United States shall not be responsible for damages to … property which
> may arise incident to the … maintenance or operation of said road, and the
> permittee shall save the United States harmless from any claims for such
> damages.[33]/

---

[32]/    ¶ 15 of the 1938 Agreement.

[33]/    ¶ 18 of the 1938 Agreement.

**Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment**
**Case No. 3-09-CV-00437-PJH**

Section 18 of the 1938 Agreement also reinforces the broad nature of Caltrans' obligation to hold the United States harmless by specifying that the United States shall not be responsible for damages caused by Park Presidio Boulevard.  Therefore, to the extent any United States' entity such as the Army or the Trust is faced with a claim relating to Caltrans' operation or maintenance of Park Presidio Boulevard, the federal entity is not responsible for the damages and must be held harmless by Caltrans.  *S.A. Empresa*, 641 F.2d at 750 (exculpatory clause appropriate for summary judgment).

> **5.    Under the 1938 Agreement, The United States May Conduct the Work at Caltrans' Expense**

Section 20 of the 1938 Agreement authorizes the United States to conduct any work at Caltrans' expense if Caltrans refuses to perform under the agreement:

> That, in the event of failure, neglect or refusal of the permittee to perform or to complete any of the work... to be performed under the provisions and conditions of this permit, the Secretary of War or his authorized representative may cause the same to be done at the expense of the permittee.[34]/

Paragraph 20 thus explicitly enables the United States to perform any work and to be reimbursed for its expenses if, as here, Caltrans fails to perform.  Therefore, the costs of any actions taken or to be taken by the United States as a result of damages caused by Park Presidio Boulevard - as determined by the United States as described above - must be borne fully by Caltrans.  *Klamath,* 204 F.3d 1210 (contract terms are given their ordinary meaning).

> **6.    When Read in its Entirety, the 1938 Agreement Intended Caltrans to be Solely Responsible for Damages Caused to the Presidio by Park Presidio Boulevard**

As described above, the 1938 Agreement is unambiguous and expressly prohibits Caltrans' construction, operation or maintenance of Park Presidio Boulevard from adversely

---

[34]/    ¶ 20 of the 1938 Agreement.

impacting Mountain Lake, Lobos Creek or other federal lands as determined by the United States. The 1938 Agreement then provides that if Caltrans violates the 1938 Agreement and causes such damage, Caltrans must remedy the damage to the satisfaction of the United States, pay the United States' costs, and hold the United States harmless.

The unambiguous nature of the 1938 Agreement "should be interpreted against the backdrop of the legislative scheme that authorized it, and [the] interpretation of ambiguous terms or implied covenants can only be made in light of the policies underlying the controlling legislation." *Westlands*, 337 F.3d at 1100. Under Section 6 of the 1884 Act of Congress, the authority to grant the 1938 Agreement was premised on it being granted only when a "judgment" has been made that the permit would not result in "injury to the reservation or inconvenience to the military."

Not only is it necessary to consider the specific sections of the 1938 Agreement, it is also important to consider the meaning of these terms when viewed in their entirety. There is a constant and unyielding theme to the 1938 Agreement. That is, Caltrans is solely responsible for any damages caused by Park Presidio Boulevard and that it is within the United States' discretion to determine whether Caltrans has damaged the Presidio and what actions Caltrans must take to remedy that damage. This contractual mandate should be respected and Caltrans should be required to fulfill the obligations imposed by the 1938 Agreement. *County of Santa Clara v. Astra USA, Inc*., 540 F.3d 1094, 1100 (9th Cir. 2008)(interpret every part of a written contract with reference to the whole and give terms their ordinary meaning).

//

//

//

//

1

**III.  CONCLUSION**

2

For the reasons stated above, the United States respectfully requests the Court to grant

3

partial summary judgment and find that Caltrans is liable under the 1938 Agreement for any

4

damage caused to Mountain Lake or Lobos Creek by the construction, operation or maintenance

5

of Park Presidio Boulevard.

6

7
                                        Respectfully submitted,

8

9
Dated:  _June 4, 2009_                  JOHN C. CRUDEN
                                        Acting Assistant Attorney General
10                                      United States Department of Justice

11                                      /s/ Bradley R. O'Brien
12                                      BRADLEY R. O'BRIEN
                                        DAVIS H. FORSYTHE
13                                      Attorneys for the United States of America

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28