JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
DAVIS H. FORSYTHE
BRADLEY R. O'BRIEN
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
601 D. Street, N.W.
Washington, D.C. 20004
Tel.: (202)616-6528
Fax: (202)514-2583
MA Bar No.: 667115
Email: davis.forsythe@usdoj.gov
       brad.obrien@usdoj.gov

Attorneys for Plaintiff the United States

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Civil Action No. 4-09-CV-00437-PJH |
| Plaintiff, | **STIPULATED AGREEMENT AND CONFIDENTIALITY ORDER REGARDING SETTLEMENT NEGOTIATIONS AND MEDIATION** |
| v. | |
| THE CALIFORNIA DEPARTMENT OF TRANSPORTATION, | |
| Defendant. | |

WHEREAS, the United States and the California Department of Transportation (hereinafter "the Parties") have and will continue to engage in settlement negotiations of the issues and disputes that gave rise to the claims in this action (hereinafter "Subject Claims"),

including but not limited to mediation of the Subject Claims pursuant to the ADR Local Rules for the Northern District of California.

WHEREAS, the Parties recognize that meaningful settlement negotiations require exchanges of information and opinions, offers of settlement or compromise, and other communications between them.

WHEREAS, the Parties agree that maintaining the confidentiality of Settlement Communications (as defined herein) generally facilitates the free exchange of information and enhances the likelihood of successful negotiations.

ACCORDINGLY, the Parties wish to preserve and provide for the confidentiality of Settlement Communications through this Stipulated Agreement and Confidentiality Order (hereinafter "Stipulated Order").

NOW THEREFORE, the Parties do hereby stipulate and agree, and the Court, for good cause appearing, pursuant to its inherent authority, Fed. R. Civ. P 26(c) and Fed. R. Evid. 502, does hereby ORDER as follows:

1. For purposes of this Stipulated Order "Settlement Communications" means:

   (a) oral settlement discussions between the Parties concerning the Subject Claims;

   (b) materials in written or electronic form that are: (i) prepared for purposes of settlement negotiations with respect to the Subject Claims, (ii) exchanged by and between the Parties in settlement negotiations with respect to the Subject Claims, and (iii) labeled in accordance with Paragraph 2;

   (c) oral communications concerning the Subject Claims between a Party or the Parties and any individual or individuals selected by the Parties or assigned by the Court to mediate or otherwise facilitate negotiation and settlement of the Subject Claims; and

   (d) materials in written or electronic form that are: (i) prepared for purposes of settlement negotiations with respect to the Subject Claims, (ii) provided by a Party or the Parties to any individual or individuals selected by the Parties or

assigned by the Court to mediate or otherwise facilitate negotiation and settlement of the Subject Claims, and (iii) labeled in accordance with Paragraph 2.

2. All written or electronic materials that a Party wishes to have treated as Settlement Communications under this Stipulated Order shall be conspicuously labeled "Settlement Communication - Subject to Confidentiality Order," or with similar language, at the time of the exchange; provided however, that the other Party may dispute, either at the time of designation or later, that the written or electronic material is a Settlement Communication within the meaning of this Stipulated Order.

3. Except as otherwise provided in this Stipulated Order, the Party receiving Settlement Communications under this Stipulated Order shall keep them confidential and not disclose them to persons or entities not a Party to this Stipulated Order. The Parties shall take all necessary and appropriate measures to maintain the confidentiality of Settlement Communications and to retain written or electronic material in a secure manner.

4. A representative of a Party who obtains Settlement Communications under this Stipulated Order may share such information with those attorneys or employees of the receiving Party who in the opinion of such Party are responsible for these settlement negotiations or for whom such information relates to their official duties, provided that the Party proposing to share the information takes adequate steps to ensure that those attorneys or employees of the Party who receive the information comply with this Stipulated Order. A representative of a Party who obtains Settlement Communications under this Agreement also may share such information with those consultants and experts of the Party who are assisting in the negotiations and who, in the opinion of such Party, require access, provided that any person with whom such information is shared is specifically made aware of, and, prior to receiving the information, agrees in writing to be bound by, the provisions of this Stipulated Order as if he/she were a Party.

5. Any Settlement Communication subject to this Stipulated Order may be disclosed to a third party when the provider of the Settlement Communication has given express written permission prior to such disclosure.

6. Information otherwise admissible or discoverable or subject to subpoena in any proceeding shall not be rendered inadmissible or non-discoverable or not subject to subpoena because of its use in settlement negotiations in this case. Further, this Stipulated Order shall not prohibit the disclosure of oral communications or written or electronic material already lawfully in the public domain, or developed or existing independent of the Parties' negotiations of the Subject Claims.

7. In the event a Party receives a subpoena, court order, in the case of the United States, a FOIA request for Settlement Communications, or in the case of the California Department of Transportation, a California Public Records Act request for Settlement Communications, such Party shall notify the other Party as soon as possible of the request and of that Party's proposed response.

8. Pursuant to Fed. R. Evid. 502, the sharing of Settlement Communications by and between the Parties shall not result in a waiver of any attorney-client privilege or attorney work product protection applicable to the Settlement Communication prior to its exchange with the other Party under this Stipulated Order. Further, any unauthorized disclosure of Settlement Communications under this Stipulated Order shall not result in a waiver of any attorney-client privilege or attorney work product protection applicable to the Settlement Communication prior to its exchange with the other Party and unauthorized disclosure.

9. Nothing in this Stipulated Order limits the full application of Fed. R. Evid. 408 to Settlement Communications.

10. Nothing in this Stipulated Order limits the right of the United States to take any action to enforce the laws of the United States or to protect public health, safety, welfare or the environment. Further, nothing in this Stipulated Order limits the United States from complying with the requirements or established government policies of public participation regarding settlement agreements.

11. Nothing in this Stipulated Order limits the right of the State of California to take any action to enforce the laws of the State of California or to protect public health, safety, welfare or the environment. Further, nothing in this Stipulated Order limits the State of California from

4

1  complying with the requirements or established government policies of public participation regarding settlement agreements.

2  12. Either Party may terminate settlement negotiations at any time, and may apply to this Court to terminate this Order; provided, however, that a Party shall notify the other Party in writing of its intention to make application to the court to terminate this Stipulated Order at least 60 days in advance of making application; and provided further, that the confidentiality and notice obligations imposed under this Stipulated Order shall remain in full force and effect, without regard to whether this Stipulated Order has been terminated, with respect to all Settlement Communications made or exchanged prior to the date of termination.

13. This Stipulated Order shall remain in effect upon the conclusion of these proceedings.

14. The undersigned representative of each Party certifies that he or she is authorized to enter into this Stipulated Agreement and to execute for and bind the Party whom he or she represents.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: 9/21/09



5

STIPULATED AGREEMENT AND CONFIDENTIALITY ORDER
Case No. 4-09-CV-00437-PJH

Respectfully submitted,

FOR PLAINTIFF THE UNITED STATES OF AMERICA:

Date: September 15, 2009            /s/ Davis H. Forsythe
                                    Davis H. Forsythe
                                    Bradley R. O'Brien
                                    Trial Attorneys
                                    Environmental Enforcement Section
                                    Environment and Natural Resources Division
                                    United States Department of Justice
                                    601 D Street, N.W.
                                    Washington, D.C. 20004


                                    OF COUNSEL:

                                    Robert M. Lewis
                                    Senior Trial Attorney
                                    United States Army
                                    Environmental Law Division
                                    Suite 400, 901 N. Stuart St.
                                    Arlington, VA 22203
                                    Andrea M. Andersen
                                    Assistant General Counsel
                                    The Presidio Trust
                                    34 Graham Street
                                    San Francisco, CA 94129


FOR DEFENDANT THE CALIFORNIA DEPARTMENT OF TRANSPORTATION:

Date: September 15, 2009            /s/ Janet Wong
                                    Janet Wong
                                    Deputy Attorney
                                    California Department of Transportation
                                    595 Market Street, Suite 1700
                                    San Francisco, CA 94105